**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

William A. Erhart,
and Elizabeth M. Erhart,

Plaintiffs,

v.

United States of America,

Defendant.

Civil No. 00-2310 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

William A. Erhart, Esq., Erhart Law Office, 20 Anoka Office Center, 2150 3rd Avenue South, Anoka, Minnesota 55303, Plaintiff *pro se* and on behalf of Plaintiff Elizabeth M. Erhart.

Carl J. Tierney, U.S. Department of Justice, Tax Division, Ben Franklin Station, Washington, D.C. 20044, appeared on behalf of the Defendant.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on April 20, 2001, pursuant to Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment. In their Complaint, Plaintiffs seek a refund of federal income taxes claiming that certain business expense deductions for tax years 1995 and 1996 were incorrectly denied under 26 U.S.C. § 162. The parties dispute whether certain retainer contracts used by Plaintiff William A. Erhart in his law practice should be characterized as "net fee" or "gross fee," and thus when certain business expense reductions are properly claimed. Defendant

FILED MAY 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

seeks to dismiss Plaintiffs' claims in their entirety for lack of legal support. For the reasons set forth below, Defendant's motion is granted.

**Background**

Plaintiff William A. Erhart is an attorney whose practice involves personal injury law.[1] During 1995 and 1996, Mr. Erhart used an "Attorney Contingency Fee Agreement" in his personal injury cases which stated in relevant part that:

> It is agreed that in addition to the above attorney's fees, all court costs subpoena costs, photos, depositions and court reporter costs, reports, witness statements, expert witnesses, and expenses directly incurred in investigating or litigating this claim shall be paid by the undersigned client. ~~I understand that I will continue to be responsible for payment of these costs regardless of whether there is a recovery.~~

Redacted from the paragraph of Mr. Erhart's general contingency agreement was the provision that: "I [William Erhart] understand that I [William Erhart] will continue to be responsible for payment of these costs regardless of whether there is a recovery."

In his practice, Mr. Erhart frequently paid for the above-mentioned costs in advance. If a case was resolved successfully, Mr. Erhart would then deduct the amount of costs advanced from the total recovery and would then calculate his attorney's fees based upon the total amount recovered. Some of the costs advanced by Mr. Erhart were not recouped because not all cases were resolved successfully.

In tax years 1995 and 1996, Plaintiffs claimed the advances paid on client costs as business deductions. However, the IRS disallowed the deductions and assessed an additional tax

---

[1] Plaintiff Elizabeth M. Erhart is married to Plaintiff William A. Erhart, and the expenses at issue were claimed on Plaintiffs' jointly filed tax forms for 1995 and 1996.

of $14,316 for 1995 and $4,046 for 1996. Plaintiffs contend that the deductions were disallowed for those costs that were "un-recovered."

On November 22, 1999, Plaintiffs paid the additional tax assessed and simultaneously sought a refund from the IRS. The IRS denied a refund and abatement via letters sent July 26, 2000, and January 6, 2000. By their current action filed on October 5, 2000, Plaintiffs seek a refund of the additional tax assessed.

Defendant's current motion requests that all claims be dismissed with prejudice, arguing that the law is clear that Mr. Erhart's retainer agreements constitute "net fee" arrangements under which such advanced costs may not be claimed as business expenses.

**Discussion**

**1. Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a

genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**2. Issues**

Under 26 U.S.C. § 162, "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business . . ." shall be allowed as deductions from gross income. Expenses for which there is a right of reimbursement, however, do not qualify as business expenses covered under § 162. Instead, "such expenditures are in the nature of loans or advancements and are not deductible as business expenses." *Canelo v. Commissioner*, 53 T.C. 217, 224 (1969), *aff'd* 447 F.2d 484 (9th Cir. 1971) (citations omitted). *See also Levy v. Commissioner*, 212 F.2d 552, 554 (5th Cir. 1954); *Glendinning, McLeish & Co. v. Commissioner*, 61 F.2d 950, 952 (2d Cir. 1932). Advanced litigation costs that will be collected upon recovery constitute such expenditures with a right to reimbursement and therefore are not allowable deductions under § 162. *See Boccardo v. Commissioner*, 12 Cl. Ct. 184, 186, 188 (1987) ("[A]dvances of litigation and other expenses by an attorney are not deductible if the attorney expects to be reimbursed, even if the reimbursement is contingent upon the success of the case.") ("*Boccardo* I"). *See also Canelo*, 53 T.C. at 224-25; *Burnett v. Commissioner*, 356 F.2d 755, 759-60 (5th Cir. 1966).

The fact that recoupment is dependent upon successful resolution of the case does not change the analysis. Courts have consistently reasoned, specifically within the context of advanced litigation costs, that because an attorney has the opportunity to evaluate the merits of a case and essentially to assess the risk of not being reimbursed before agreeing to represent a

party, the likelihood of reimbursement is sufficiently substantial so that the advances operate as loans rather than expenses. *See Boccardo*, 12 Cl. Ct. at 186-89; *Burnett*, 356 F.2d at 224; *Canelo* 53 T.C. at 184. Plaintiff has presented no evidence to indicate that his practice is any different than those examined by other courts and thus the same reasoning applies here.

Plaintiff William A. Erhart's assertion that his retainer fee arrangement constitutes a gross fee contract is without merit. In *Boccardo v. Commissioner of Internal Revenue*, 56 F.3d 1016 (9th Cir. 1995) ("*Boccardo* II"), the same law firm involved in *Boccardo* I filed a successful suit for denied business expense reductions. The 9th Circuit distinguished *Boccardo* II from its predecessor by the form of the retainer agreement. In *Boccardo* I, the law firm utilized a "net fee" contract which provided that the law firm would pay all costs and the client would reimburse such costs only out of recovery. In contrast, by the time of *Boccardo* II, the firm had adjusted its retainer agreements so that they operated as a "gross fee" arrangement such that the law firm would pay all costs and be entitled to a certain flat percentage upon recovery. While a higher percentage for the attorney under such an arrangement would ultimately provide for the recoupment of costs plus fees, there still exists no explicit right to reimbursement as provided under a "net fee" arrangement.

The parties do not dispute the explicit language of Plaintiff's retainer fee agreements nor the method by which he calculates and recoups his costs and fees. By recouping his advanced costs from a client's recovery before calculating his fee, Plaintiff William Erhart is operating his business just as the law firm in *Boccardo* I. It is clear to the Court that Plaintiff operates under a net fee arrangement, and thus may not claim his advanced litigation costs as business expenses under § 162. While it is true that the unsuccessful resolution of a case may leave Plaintiff with

unrecouped costs, it does not follow that Plaintiffs may insure against that potential by claiming business expenses when the right to reimbursement has also been negotiated.

For the reasons stated, **IT IS HEREBY ORDERED** THAT:

1. Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. No. 6) is **GRANTED**; and

2. Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 29, 2001

DONOVAN W. FRANK
Judge of United States District Court

MAY 2 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995